IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Doe,                                      ) | C/A No.: 1:23-5745-JDA-SVH |
|           Plaintiff,                ) | |
| vs.                                            ) | |
| Charles Williams, Susan Duffy,                 ) | ORDER |
| Curtis Early, Johnathan Bennet,                ) | |
| John Palmer, Robert Blackburn,                 ) | |
| Elliott Harmon, and Unidentified               ) | |
| John and Jane Roe Employees,                   ) | |
|           Defendants.              ) | |

John Doe ("Plaintiff"), proceeding with counsel, is an inmate in the South Carolina Department of Corrections ("SCDC") prison system and has sued certain SCDC prison officials (collectively "Defendants") alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983 after he was sexually assaulted by his cellmate twice.

This matter comes before the court on Plaintiff's ex parte motion to proceed under a pseudonym and for entry of a protective order. [ECF No. 3]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.), this matter has been assigned to the undersigned for all pretrial proceedings. For the reasons that follow, Plaintiff's motion is granted.

There is a "presumption" that parties must sue and be sued in their own names. *Doe v. Sidar*, 93 F.4th 241, 246 (4th Cir. 2024) (citing *James v.*

1

*Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). "Pseudonymous litigation undermines the public's right of access to judicial proceedings" because "[t]he public has an interest in knowing the names of litigants, and disclosing the parties' identities furthers openness of judicial proceedings." *Id.* at 246–47 (citing *Doe v. Public Citizen*, 749 F.3d 246, 274 (4th Cir. 2014)). For that reason, few cases warrant anonymity, and few litigants request it. *Id.* at 247 (citing *Doe v. Doe*, 85 F.4th 206, 211 (4th Cir. 2023) (noting that litigant anonymity should be "rare" and justified by "exceptional" circumstances)).

The Fourth Circuit has identified "five nonexhaustive factors for district courts to consider when deciding motions to proceed by pseudonym." *Doe v. Doe*, 85 F.4th at 211. The five factors are as follows:

> Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;
>
> Whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
>
> The ages of the persons whose privacy interests are sought to be protected;
>
> Whether the action is against a governmental or private party; and, relatedly,
>
> The risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James*, 6 F.3d at 238.

The first two factors weigh heavily in favor of anonymity in this case. It is without question that there is a substantial privacy interest at stake where a case concerns allegations of sexual assault. *See, e.g., Doe v. Doe*, 85 F.4th at 211–12 (collecting district court decisions in Title IX cases). It is well-recognized in this circuit that victims asserting allegations of sexual misconduct constitute matters "of a highly sensitive and personal nature." *Doe v. Spartanburg Cnty. Sch. Dist. Three*, C/A No. 7:15-02764-HMH, 2015 WL 13763039, at *4 (D.S.C. Aug. 19, 2015) (collecting cases).

Likewise, there is risk that disclosure of Plaintiff's identity will result in retaliatory physical or mental harm. As he argues:

> In the wake of the sexual assaults, and Defendants' degradation of his claims, Plaintiff has suffered severe emotional and psychiatric distress. Plaintiff attempted to take his own life, has been diagnosed with PTSD, and has been receiving counseling to cope with his severe trauma. (ECF No. 1 at). This is proof that placing Plaintiff under public scrutiny would only subject him to further mental harm.

[ECF No. 3 at 4 (citing ECF No. 1 ¶¶ 62–63)].

Case law supports Plaintiff's position. *See, e.g., Spartanburg Cnty. Sch. Dist. Three*, 2015 WL 13763039, at *5 ("Second, the identification of the Does may pose a risk of mental harm, as Jane Doe has already received counseling"); *E.E.O.C. v. Spoa, LLC*, C/A No. CCB-13-1615, 2013 WL 5634337, at *4 (D. Md. Oct. 15, 2013) ("Second, ordering Doe to proceed under her legal name in court documents poses needless risk of mental harm . . . . It is not simply that Doe

may face embarrassment from this widespread disclosure, as Spoa argues, but rather she may face psychological harm from having this sensitive experience made permanently available to anyone with Internet access.").

The third factor—Plaintiff's age—does not weigh in favor of granting his motion, where he is 56 years old. [ECF No. 3 at 5]. Plaintiff concedes that all parties are adults, and therefore are not minors entitled to special protection based on age. *See, e.g., A.T.P. v. MTR Hotels LLC*, C/A No. 6:21-647-TMC, 2021 WL 5772826, at *2 (D.S.C. Mar. 12, 2021).

The fourth factor is essentially neutral or weighs lightly against Plaintiff in this instance, where he sues Defendants who are government employees, but in their individual capacities, but also where Plaintiff's suit concerns, in part, SCDC policy. *See Doe v. Doe*, 85 F.4th at 215 (citing case law where courts found the fourth *James* factor to be neutral, or as weighing against allowing anonymity, where plaintiff sued "both public universities and private individuals," noting "the more private parties (sued in their individual capacities), the more likely the courts were to find that the factor weighed against the plaintiff"); *A.T.P.*, 2021 WL 5772826, at *2 (finding fourth factor was "essentially neutral" where pseudonymous plaintiff brought action against hotel based upon allegations that it knew premises was used for sex trafficking); *Doe v. Alger*, 317 F.R.D. 37, 41 (W.D. Va. 2016) (finding neutrality as to fourth *Jacobson* factor in lawsuit against university officials where some

4

readers would "read the allegations as an indictment of the university's disciplinary process itself and not the persons involved").

As for the fifth factor, the court considers potential prejudice or unfairness to defendant. Admittedly, this factor is more difficult to assess because Plaintiff filed the motion ex parte and Defendants have not had the opportunity to express potential prejudice faced if the court permits Plaintiff to proceed pseudonymously.[1] Plaintiff argues that there is no risk of prejudice because "Defendants know Plaintiff, and Plaintiff will again identify himself to Defendants contemporaneously with service of this Complaint." [ECF No. 3 at 6–7].[2]

It appears the fifth factor weighs in Plaintiff's favor. *See, e.g., Alger*, 317 F.R.D. at 41 ("To begin with, Alger and Warner are fully aware of Doe's

---

[1] Plaintiff notes that he has initiated a lawsuit against SCDC under the South Carolina Torts Claims Act, S.C. Code Ann. § 15-78-10, *et seq.*, in the Greenville County Court of Common Pleas, *John Doe v. South Carolina Department of Corrections*, No. 2022-CP-23-05760 (Greenville Cty Ct. Comm. Pl. Oct. 18, 2022), and that "SCDC does not object to Plaintiff's use of a pseudonym in that action." [ECF No. 3 at 2].

[2] Plaintiff also identifies the inmate who assaulted him as "Inmate #1" and represents "Defendants are aware of Inmate #1's true identity and, in abundance of caution, Plaintiff will again provide Inmate #1's identity to Defendants contemporaneously with service of his Complaint." [ECF No. 3 at 7 n.3]. As noted by Plaintiff, "[i]n instances of sexual abuse and resulting investigations under different circumstances, Title IX cases, this district has found the use of pseudonyms appropriate to protect both the accuser and the accused from potential mental harm." [ECF No. 3 at 4 n.2 (citing *Doe v. Citadel*, C/A No. 2:21-04198-DCN, 2022 WL 2806473, at *2 (D.S.C. July 18, 2022) ("The anonymity in this action is designed not only to protect the [accused], but also the accuser, from mental harm.")].

5

identity, and they fail to articulate how they would be prejudiced in their defense of the case if Doe were allowed to proceed anonymously."). Plaintiff also notes he "is only seeking a limited grant of pseudonymity for pleadings, motions, docket entries, and written materials filed in this case" and "not seeking anonymity in open-court should this case proceed to trial." [ECF No. 3 at 7 (citing *Spoa, LLC*, 2013 WL 5634337, at *3 (finding because pseudonymity would not apply in open-court "there [was] no risk that the court's limited grant of anonymity would implicitly influence the jury should [the] case proceed to trial")].

Accordingly, the undersigned grants Plaintiff's ex parte motion to proceed under a pseudonym and for entry of a protective order [ECF No. 3], allowing him to proceed under a pseudonym for pleadings, motions, docket entries, and written materials filed in this case.

IT IS SO ORDERED.

March 14, 2024                                Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge